FILED 3/19/2026 10:41 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

Exhibit A

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Jasmine Clifton, as Natural Guardian and

Next Friend of N.S., a minor, and

Jasmine Clifton, individually

Plaintiff

Case No.: 26CV3190

VS

Anthony O'Bryant

Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

Thomas W. Sizemore, Esq.
32 Ann St., Charleston, SC 29403
TeamSizemore@poulinwilley.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____19th_____ day of ___March___, 20_26_____.

Honorable Debra DeBerry
Clerk of Superior Court

By___/s/ Andreane Ellington_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** _____DEKALB_____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed __3/19/2026__ | Case Number __26CV3190__ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Clifton          Jasmine

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

DeKalb County    School District

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

O'Bryant          Anthony

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Thomas W. Sizemore_     **State Bar Number** _823195_     **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
          Case Number                              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
          Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

FILED 3/19/2026 10:41 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

**IN THE SUPERIOR COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Jasmine Clifton, as Natural Guardian and Next Friend of N.S., a minor, and Jasmine Clifton, individually,<br><br>                                    Plaintiffs,<br><br>v.<br><br>DeKalb County School District, and Anthony O'Bryant, individually,<br><br>                                    Defendants. | CASE NO:  26CV3190 |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff Jasmine Clifton, individually, and as natural guardian, and next friend of N.S. ("Minor Plaintiff"), files this Complaint against Defendants DeKalb County School District ("DCSD") and Anthony O'Bryant ("O'Bryant") and shows the Court as follows:

**PARTIES**

1.

Plaintiff Jasmine Clifton is the mother, natural guardian, and next friend of N.S., a minor child who was a first-grade student at Redan Elementary School in DeKalb County, Georgia at all relevant times.

2.

Defendant DeKalb County School District is a public school district and public entity operating public schools in DeKalb County, Georgia, including Redan Elementary School, and may be served through its Superintendent at 1701 Mountain Industrial Blvd., Stone Mountain, GA 30083.

1

3.

Defendant Anthony O'Bryant is an individual who, at all relevant times, was employed by DCSD and served as a teacher at Redan Elementary School. O'Bryant may be served at his usual place of abode or wherever he may be found.

**JURISDICTION AND VENUE**

4.

This Court has subject-matter jurisdiction over Plaintiff's state-law claims.

5.

This Court has concurrent jurisdiction over Plaintiff's federal claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

6.

Venue is proper in DeKalb County because DCSD is located in DeKalb County and the events and injuries at issue occurred in DeKalb County, Georgia.

**FACTUAL ALLEGATIONS**

7.

On or about March 26, 2024, during the morning hours, Minor Plaintiff was a first-grade student attending class at Redan Elementary School.

8.

Minor Plaintiff is on the autism spectrum. Upon information and belief, at the time of the incident he had a § 504 plan and/or an Individualized Education Program ("IEP") in effect, and

2

DCSD knew he required disability-related accommodations, behavioral supports, and de-escalation.

9.

During class, O'Bryant and other DCSD staff claimed Minor Plaintiff was being disruptive. O'Bryant escorted Minor Plaintiff out of the classroom and left him isolated in the hallway.

10.

After some period of time, O'Bryant exited the classroom and approached Minor Plaintiff in the hallway.

11.

Minor Plaintiff began following O'Bryant back toward the classroom. Before Minor Plaintiff crossed the threshold, O'Bryant abruptly turned toward him.

12.

O'Bryant then grabbed Minor Plaintiff around the lower neck/collarbone area and violently drove him into the wall directly across from the classroom.

13.

Minor Plaintiff's head struck the wall.

14.

At the time O'Bryant used force, Minor Plaintiff was a disabled first-grade child who was following O'Bryant toward the classroom and, on information and belief, was not striking, lunging at, or posing an immediate danger to any classmate, staff member, or other person.

15.

The incident was captured on video.

3

16.

Minor Plaintiff was taken for emergency-room evaluation following the incident. He experienced documented concussion concerns and headaches, and his mother has since observed behavioral regression.

17.

After the incident, O'Bryant told Ms. Clifton that he had been forced to restrain Minor Plaintiff to prevent him from striking another student. Principal Camille Blakely initially repeated the same account to Ms. Clifton.

18.

Ms. Clifton insisted that the video be reviewed. The video confirmed that Minor Plaintiff was following O'Bryant back toward the classroom when O'Bryant grabbed him and slammed him into the wall. On information and belief, before the video was reviewed, O'Bryant was permitted to return to the classroom.

19.

In DeKalb County State Court Case No. 24C02887, arising from the same March 26, 2024 incident, O'Bryant ultimately pleaded guilty to Battery, Reckless Conduct, and Disorderly Conduct.

20.

At all relevant times, Georgia Board of Education Rule 160-5-1-.35 and DCSD Board Policy JGF(2) prohibited seclusion and allowed physical restraint ONLY when a student was an immediate danger to self or others and not responsive to less intensive interventions; such force could not be used as discipline or punishment.

4

21.

As a direct and proximate result of Defendants' conduct, Minor Plaintiff has suffered damages including physical injury, pain and suffering, headache and concussion symptoms/concerns, emotional distress, behavioral regression, and other damages to be proven at trial.

## COUNT I — BATTERY (Against O'Bryant)

22.

Plaintiff incorporates Paragraphs 1 through 21 as if fully set forth herein.

23.

O'Bryant intentionally made harmful and/or offensive physical contact with Minor Plaintiff, including grabbing him around the lower neck/collarbone area and violently driving him into a wall, causing head impact and injury.

24.

Minor Plaintiff suffered injuries and damages as a direct and proximate result.

## COUNT II — ASSAULT (Against O'Bryant)

25.

Plaintiff incorporates Paragraphs 1 through 24 as if fully set forth herein.

26.

O'Bryant's violent conduct, including abruptly turning toward Minor Plaintiff, grabbing him around the lower neck/collarbone area, and driving him into the wall, placed Minor Plaintiff in reasonable apprehension of immediately receiving a violent injury.

27.

Minor Plaintiff suffered damages as a direct and proximate result.

5

## COUNT III — 42 U.S.C. § 1983: EXCESSIVE FORCE / SUBSTANTIVE DUE PROCESS

## (Against O'Bryant)

28.

Plaintiff incorporates Paragraphs 1 through 27 as if fully set forth herein.

29.

O'Bryant, acting under color of state law, intentionally used force that was obviously excessive under the circumstances, grossly disproportionate to any legitimate pedagogical or safety need, and arbitrary and conscience-shocking when he grabbed a disabled first-grade student who was following him back toward class and violently slammed the child into the wall.

30.

The force used by O'Bryant presented a reasonably foreseeable risk of serious bodily injury and violated Minor Plaintiff's rights under the Fourteenth Amendment. Plaintiff seeks compensatory damages, punitive damages against O'Bryant, attorney's fees and costs under 42 U.S.C. § 1988, and all other relief permitted by law.

## COUNT IV — ADA TITLE II (Against DCSD)

31.

Plaintiff incorporates Paragraphs 1 through 30 as if fully set forth herein.

32.

Minor Plaintiff is a qualified individual with a disability, and DCSD is a public entity subject to Title II of the Americans with Disabilities Act.

33.

DCSD knew Minor Plaintiff was autistic and, upon information and belief, knew he had a Section 504 plan and/or IEP requiring disability-related accommodations, behavioral supports, and

6

de-escalation rather than punitive physical force. By reason of his disability and disability-related needs, DCSD denied him the benefits of safe and nondiscriminatory access to DCSD's services, programs, and activities and subjected him to discrimination by responding to disability-related behavior with isolation and violent force rather than accommodations and disability-appropriate supports.

34.

DCSD acted with deliberate indifference through officials with authority to address the discrimination and protect Minor Plaintiff, including Principal Blakely, who had actual notice of the incident and resulting head injury yet initially accepted and repeated O'Bryant's false account, failed to promptly review the video, and failed to take appropriate corrective action until Ms. Clifton insisted that the footage be viewed. Plaintiff seeks compensatory damages and attorney's fees and costs as permitted by law, and all other relief available under Title II.

**COUNT V — SECTION 504 OF THE REHABILITATION ACT (Against DCSD)**

35.

Plaintiff incorporates Paragraphs 1 through 34 as if fully set forth herein.

36.

Minor Plaintiff is an individual with a disability within the meaning of Section 504. DCSD receives federal financial assistance and knew of Minor Plaintiff's disability and need for accommodations, behavioral supports, and de-escalation.

37.

DCSD excluded Minor Plaintiff from participation in, denied him the benefits of, and/or subjected him to discrimination under its programs and activities solely by reason of his disability,

7

including by treating his disability-related behavior as a basis for exclusionary and violent handling rather than providing known accommodations and disability-appropriate supports.

38.

DCSD acted with deliberate indifference to Minor Plaintiff's federally protected rights through officials with authority to correct the problem, including Principal Blakely, as set forth above. Plaintiff seeks compensatory damages and attorney's fees and costs as permitted by law, and all other relief available under Section 504.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants and award the following:

a. Compensatory damages in an amount to be determined by the enlightened conscience of impartial jurors;

b. Punitive damages against O'Bryant (and any other relief permitted by law);

c. Attorney's fees and costs under applicable statutes, including 42 U.S.C. § 1988, and as otherwise authorized;

d. Pre-judgment and post-judgment interest as allowed by law; and

e. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted, this 19th day of March, 2026.

**POULIN | WILLEY**

  */s/ Thomas W. Sizemore*
Thomas W. Sizemore, Esq.
GA Bar No.: 823195
Poulin Willey Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
P: (803) 222-2222
F: (843) 353-1604
E: teamsizemore@poulinwilley.com
*Attorneys for the Plaintiffs*

9

# IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Jasmine Clifton, as Natural Guardian and

Next Friend of N.S., a minor, and

Jasmine Clifton, individually

Plaintiff

VS

DeKalb County School District

Defendant

Case No.: ___26CV3190___

# SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

*Thomas W. Sizemore, Esq.*
*32 Ann St., Charleston, SC 29403*
*TeamSizemore@poulinwilley.com*

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __19th__ day of __March__, 20__26__.

Honorable Debra DeBerry
Clerk of Superior Court

By__/s/ Andreane Ellington__
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.